**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GEORGE BULLOCK, | : | Civil No.: 02-CV-3426 (JLL) |
| | : | |
| Petitioner, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| RONALD CATHEL, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

> GEORGE BULLOCK, #276064/SBI #834654-b, Petitioner pro se
> Riverfront State Prison
> P.O. Box 9164
> Camden, New Jersey 08101-0150

> DONALD C. CAMPOLO, ESQ.
> Office of the Essex County Prosecutor
> Essex County Courts Building
> Newark, New Jersey 07102
> Attorneys for Respondents

**LINARES, DISTRICT JUDGE**

George Bullock  ("Bullock"), a state prisoner formerly confined at Riverfront State Prison

in Camden, New Jersey[1], filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. §

---

[1]  Petitioner currently is on parole; however, because of possibility of collateral
consequences with respect to his sentence, this matter is not moot.  See Gentry v. Lansdown,
175 F.3d 1082 (8th Cir. 1999) (petition challenging state's calculation of good time credit was not
rendered moot by petitioner's release on parole, as petitioner remained subject to parole
restrictions and in the legal custody of state corrections department until expiration of his

(continued...)

2254(a), raising several grounds for relief.  The State filed an Answer opposing the Petition,

accompanied by relevant portions of the State court proceedings.  For the reasons expressed

below, the Court will dismiss the Petition as time-barred and decline to issue a certificate of

appealability.  See 28 U.S.C. §§ 2254(a) and (d); 2253(c)(2).

## I.  BACKGROUND

On November 9, 1995, after a plea of guilty, Petitioner was convicted of seven counts

of first degree armed robbery (N.J.S.A. 2C: 15-1); one count of aggravated assault (2C: 12-1 (b));

second degree conspiracy to commit burglary (2C:5-2, 15-1); third and fourth degree unlawful

possession of a weapon (2C: 39-5 (b) and (d)); and second and third degree  possession of a

weapon for an unlawful purpose (2C: 39-4 (a) and (d)).  (Answer, paragraph 4. ) Petitioner was

sentenced to concurrent terms of imprisonment for 20 years, with a ten year parole disqualifier.

(Id., paragraph 3.)  Petitioner appealed his sentence as excessive; the New Jersey Appellate

Division affirmed on January 8, 1997.  (Petition, paragraph 9; Answer, paragraph 9.)  The New

Jersey Supreme Court denied certification on May 20, 1997.  (Answer, Paragraph 9(e), Ra 7.)

Petitioner thereafter applied for post-conviction relief on August 18, 1998 (Pet., paragraph 11.),

which was denied on October 8, 1999.  (Answer, paragraph 11(5).)  The Appellate Division

affirmed on January 7, 2002. (Id.), and the New Jersey Supreme Court denied certification on

April 29, 2002. (Answer, paragraph 11(c) and Ra 13.)  Although there may be some confusion

arising from the docket entries in this matter, Petitioner appears to have filed this application on

---

[1](...continued)
sentence).

July 7, 2002, at the earliest.  (Docket.)


## II.  DISCUSSION

Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act

("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28

U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final
> by the conclusion of direct review or the expiration
> of the time for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such state action;
>
> (C) the the date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if the right
> has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

The applicable limitations period in Petitioner's case is 28 U.S.C. § 2244(d)(1)(A).

Petitioner was convicted on November 9, 1995, after a guilty plea.  (Ans., ¶ 2.)  The trial court's

conviction and sentence were affirmed by the New Jersey Appellate Division on January 8, 1997.

( Ans., ¶ 9.), and certification was denied on May 20, 1997.  (Answer, Paragraph 9(e), Ra 7.)

Petitioner then had 90 days, i.e., until August 20, 1997, to file a petition for a writ of certiorari

with the United States Supreme Court.  Petitioner did not file for a writ of certiorari, therefore,

his federal habeas petition had to be filed by August 20, 1998 in order to be timely under §

2244(d), unless the limitations period is statutorily and/or equitably tolled. A state criminal

judgment becomes final and the limitations period begins to run, "at the conclusion of review in

the United States Supreme Court or when the time for seeking certiorari review expires."  Jones

v. Morton, 195 F.3d 153, 157 (3d Cir. 1999) (quoting Kapral v. United States, 166 F.3d 565, 575

(3d Cir. 1999)).

     Petitioner submitted an application for state post-conviction relief on August 18, 1998,

which tolled the limitations period with two days remaining.  See Merritt v. Blaine, 326 F.3d

157, 161 (3d Cir.), cert. denied, 124 S.Ct 317 (2003) (limitations period is statutorily tolled

during the time a "properly filed" application for state post-conviction review is pending in state

court).  This application was denied on October 8, 1999.  The Appellate Division affirmed on

January 7, 2002. (Id.), and the New Jersey Supreme Court denied certification on April 29, 2002.

(Answer, paragraph 11(c) and Ra 13.)  Petitioner submitted this application on July 16, 2002, but

filed a change of address earlier, on July 7, 2002.  (Docket.)


Analysis

     As the above discussion shows, Petitioner's direct appeal became final on August 20,

1997, the last day for filing a petition for certiorari to the United States Supreme Court.

However, the AEDPA provides that the statute of limitations is tolled during the time that a state

prisoner is attempting to exhaust his claims in state court.  See 28 U.S.C. § 2244 (d) (2).[2]

Absent statutory or equitable tolling, the limitations period expired on or about August 20, 1998.

The statute of limitations under 28 U.S.C. § 2244 (d) is subject to two tolling exceptions: statutory tolling and equitable tolling.  Merritt, supra, at 161, cert. denied, 124 S.Ct 317 (2003) (discussing statutory and equitable tolling; equitable tolling is a judicially crafted exception, citing Jones v. Morton, supra)).  The record indicates that Petitioner's state post-conviction application was submitted on August 18, 1998, two days before the AEDPA limitations period expired.  The denial of post-conviction relief was affirmed and certification denied by the New Jersey Supreme Court on April 29, 2002.  (Answer, paragraph 11(c) and Ra 13.) The limitations period, which had only two days remaining, again began to run.  Giving Petitioner every benefit of the doubt, the current Petition was not submitted until July 7, 2002, beyond the end of the limitations period.  Under these facts, the AEDPA's statutory tolling provisions do not prevent this Petition being dismissed as time-barred, as it was filed after the statute of limitations had expired.

As noted above, the AEDPA statute of limitations is also subject to equitable tolling. Merritt, supra; Miller v. N.J. State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Such tolling is applicable:

---

[2]  28 U.S.C. § 2244 (d) (2) provides as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

only when the principle of equity would make
the rigid application of a limitation period unfair.
Generally, this will occur when the petitioner
has in some extraordinary way been prevented
from asserting his or her rights.  The petitioner
must show that he or she exercised reasonable
diligence in investigating and bringing [the]
claims.  Mere excusable neglect is not sufficient.
[Id.]

Equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff,

(2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3)

if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  Jones, supra, 195

F.3d at 159 (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)).  Petitioner has

not  demonstrated that he, in some extraordinary way, was prevented from asserting his rights,

mistakenly asserted his rights in the wrong forum, or was misled.  Moreover, after independent

review of the record, the Court and can discern no extraordinary circumstances warranting

equitable tolling.


Certificate of Appealability

Finally, the Court must determine whether a certificate of appealability should issue.  See

Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only

if petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).

When a federal court dismisses a habeas petition on procedural grounds without reaching

the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would

find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional

right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S.

473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to

invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In

such a circumstance, no appeal would be warranted."  Id.

As explained above, the Court has concluded that Petitioner's application is time barred,

and that neither the statutory tolling provision nor the doctrine of equitable tolling renders the

Petition timely.  The Court is persuaded that reasonable jurists would not debate the correctness

of these conclusions.  Petitioner, therefore, has failed to make a substantial showing of the denial

of a constitutional right, and  no certificate of appealability will issue pursuant to 28 U.S.C. §

2253(c).  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III.  CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for Habeas Corpus Relief,

as time-barred, and decline to issue a Certificate of Appealability pursuant to 28 U.S.C. §

2253(c).

An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares
DATED: October 26, 2005                    UNITED STATES DISTRICT JUDGE